CC·FISCAL
JS-6

1  WILLIAM BLUMENTHAL
   General Counsel
2
   GUY G. WARD
3  DAVID A. O'TOOLE
   Federal Trade Commission
4  55 West Monroe Street, Suite 1825
   Chicago, Illinois 60603
5  PH.(312) 960-5634
   FAX (312) 960-5600
6  gward@ftc.gov
   dotoole@ftc.gov
7
   John D. Jacobs, Cal. Bar No. 134154
8  Federal Trade Commission
   10877 Wilshire Boulevard, Suite 700
9  Los Angeles, California 90024
   PH.(310) 824-4343
10 FAX (310) 824-4380
   jjacobs@ftc.gov
11
   Attorneys for Plaintiff
12 FEDERAL TRADE COMMISSION

13
                  UNITED STATES DISTRICT COURT
14          FOR THE CENTRAL DISTRICT OF CALIFORNIA
                        WESTERN DIVISION
15

16  _____
                                      )
17  FEDERAL TRADE COMMISSION,         ) No. CV07-01791 TJH (SHx)
                                      )
                      Plaintiff,      ) **STIPULATED ORDER FOR**
18                                    ) **PERMANENT INJUNCTION AND**
                 v.                   ) **FINAL JUDGMENT AS TO**
19                                    ) **DEFENDANTS HARP MARKETING**
    MYSTERY SHOP LINK, LLC,           ) **SERVICES, INC., AIDEN REDDIN,**
20    et al.,                         ) **AND MARC GURNEY**
                                      )
                      Defendants.     )
21  _____  )

22      Plaintiff Federal Trade Commission ("Commission" or "FTC"),

23 has filed a Complaint for Permanent Injunction and Other Equitable

24 Relief ("Complaint") against Defendants Mystery Shop Link, LLC,

25 Tangent Group, LLC, Robin Larry Murphy, Andrew Holman, Kenneth

26 Johnson, Harp Marketing Services, Inc., Aiden Reddin, and Marc

27 Gurney for deceptive acts and practices in connection with the

28 advertising and telemarketing of "mystery shopping" employment

1  opportunities.  The Complaint alleges that these deceptive acts
2  and practices violated Section 5(a) of the FTC Act, 15 U.S.C.
3  § 45(a).

4      The Commission and Defendants Harp Marketing Services, Inc.,
5  Aiden Reddin, and Marc Gurney ("Harp Defendants") have stipulated
6  to the entry of the following Stipulated Order For Permanent
7  Injunction And Final Judgment As To Defendants Harp Marketing
8  Services, Inc., Aiden Reddin, And Marc Gurney ("Order").

9      NOW, THEREFORE, the Commission and the Harp Defendants,
10  having requested the Court to enter this Order, and the Court
11  having considered the Order and being fully advised in the
12  premises, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

13                              **FINDINGS**

14      1.   The Complaint is an action by the Commission instituted
15  under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).  Pursuant
16  to this section of the FTC Act, the Commission has the authority
17  to seek the relief contained herein.

18      2.   The Commission's Complaint states a claim upon which
19  relief may be granted against the Harp Defendants under Sections
20  5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

21      3.   This Court has jurisdiction over the subject matter of
22  this case and the parties hereto.  Venue in the Central District
23  of California is proper.  The Harp Defendants have been properly
24  served with process.

25      4.   The alleged activities of the Harp Defendants are in or
26  affecting commerce, as defined in Section 4 of the FTC Act, 15
27  U.S.C. § 44.

28                          Page 2 of   22

5.   The Harp Defendants, without admitting the allegations set forth in the Commission's Complaint, agree to entry of this stipulated Order.

6.   The Harp Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.   The Harp Defendants further waive and release any claims any of them may have against the Commission, its employees, representatives, or agents.

7.   The Harp Defendants agree that this Order does not entitle them to seek or obtain attorney's fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended; and the Harp Defendants further waive any right to attorney's fees that may arise under said provision of law.   The parties shall each bear their own costs and attorney's fees incurred in this action.

8.   Any voluntary bankruptcy petition filed by any of the Harp Defendants does not automatically stay this action, which the Court finds is the "commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power," as set forth in 11 U.S.C. § 362(b)(4).

9.   Any voluntary bankruptcy petition filed by any of the Harp Defendants does not divest this Court of jurisdiction to enter this Order against the Harp Defendants.

10.   This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

11.   Entry of this Order is in the public interest.

1

**ORDER**

2

**DEFINITIONS**

3　　For purposes of this Order, the following definitions shall

4　apply:

5　　1.　**"Plaintiff," "Commission," or "FTC"** means the Federal

6　Trade Commission.

7　　2.　**"Defendants"** means Mystery Shop Link, LLC, Tangent

8　Group, LLC, Robin Larry Murphy, Andrew Holman, Kenneth Johnson,

9　Harp Marketing Services, Inc., Aiden Reddin, and Marc Gurney, and

10　each of them, by whatever names each might be known.

11　　3.　**"Harp Defendants"** means Harp Marketing Services, Inc.,

12　Aiden Reddin, and Marc Gurney, and each of them, by whatever names

13　each might be known, and their successors and assigns.

14　　4.　**"Assets"** means any legal or equitable interest in, right

15　to, or claim to, any real and personal property, including but not

16　limited to chattel, goods, instruments, equipment, fixtures,

17　general intangibles, effects, leaseholds, mail or other

18　deliveries, inventory, checks, notes, accounts, credits,

19　receivables (as those terms are defined in the Uniform Commercial

20　Code), and all cash, wherever located.

21　　5.　**"Assisting others"** means knowingly or recklessly

22　providing any of the following services to any person or entity:

23　(1) performing customer service functions including, but not

24　limited to, receiving or responding to consumer complaints; (2)

25　providing, or arranging for the provision of, names of potential

26　customers; (3) performing marketing services of any kind; (4)

27　acting as an officer or director of a business entity; or (5)

28

1  providing payment processing services of any kind.

2     6.   **"Consumer"** means any individual, group, unincorporated
3  association, limited or general partnership, corporation, or other
4  business entity.

5     7.   **"Customer"** means any person who has paid, or may be
6  required to pay, for goods or services offered for sale or sold by
7  any Harp Defendant.

8     8.   **"Document"** is synonymous in meaning and equal in scope
9  to the usage of the term in Federal Rule of Civil Procedure 34(a),
10 and includes writings, drawings, graphs, charts, photographs,
11 audio and video recordings, computer records, and other data
12 compilations from which information can be obtained and
13 translated, if necessary, through detection devices into
14 reasonably usable form.  A draft or non-identical copy is a
15 separate document within the meaning of the term.

16    9.   **"Person"** means a natural person, an organization or
17 other legal entity, including a corporation, partnership, sole
18 proprietorship, limited liability company, association,
19 cooperative, or any other group or combination acting as an
20 entity.

21    10.   **"Telemarketing"** means any plan, program or campaign
22 (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R.
23 Part 310) that is conducted to induce the purchase of goods or
24 services, or the payment of money, by means of the use of one or
25 more telephones.

26

27

28                     Page 5 of  22

## I.   PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that the Harp Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, promotion, offering, telemarketing, or sale of any product, program, good or service, are hereby permanently restrained and enjoined from:

A.   Misrepresenting, expressly or by implication:

1.   that Defendants are themselves hiring consumers to perform work or are hiring on behalf of others;

2.   that a specified number of mystery shopping jobs are currently available through Defendants in consumers' local areas;

3.   that a large percentage of mystery shopping jobs go unfilled due to a lack of mystery shoppers; or

4.   that consumers who pay a fee to Defendants for access to mystery shopping jobs are likely to earn substantial income; and

B.   Misrepresenting, expressly or by implication, or failing to disclose, any fact material to a consumer's decision to purchase or use any product, program, good, or service; and

C.   Assisting others who violate any provision of Paragraphs A through B of this Section.

## II.   EQUITABLE MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.   Judgment is hereby entered in favor of the Commission, and against the Harp Defendants, jointly and severally, in the amount of six million, eight hundred forty thousand U.S. Dollars ($6,840,000.00), as equitable monetary relief for consumer injury; provided, however, that this judgment shall be suspended upon fulfillment of the payment obligations set forth in Section II.B of this Order, and subject to the conditions set forth in Section III of this Order;

B.   The Harp Defendants shall be jointly and severally liable for payment of equitable monetary relief, including, but not limited to, consumer redress and/or disgorgement, in the amount of seven hundred fifty thousand U.S. Dollars ($750,000.00). Within ten (10) days of the signing of this Order by the Harp Defendants, they shall cause seven hundred fifty thousand U.S. Dollars ($750,000.00) to be transferred to an escrow account controlled by their counsel of record in this matter, who shall immediately provide the Commission with proof of said transfer. The Harp Defendants' counsel of record shall hold the entire sum in the escrow account for no purpose other than payment to the Commission upon entry of this Order by the Court.  Within ten (10) days of receipt of notice of entry of this Order, the Harp Defendants' counsel of record shall transfer the entire sum to the Commission by wire transfer or certified check in accordance with instructions to be provided by counsel for the Commission;

C.   Time is of the essence for the payment specified above.

Page 7 of   22

1  In the event of any default by the Harp Defendants on any
2  obligation imposed under this Section, including, but not limited
3  to, the failure to timely and completely fulfill their payment
4  obligations:

5      1.  The judgment imposed in Section II.A will not be
6  suspended, and the full amount of that judgment ($6,840,000.00)
7  shall immediately become due and payable, plus interest from the
8  date of entry of this Order pursuant to 28 U.S.C. § 1961, as
9  amended, less any amounts already paid; and

10     2.  The Commission shall be entitled to immediately
11 exercise any and all rights and remedies against the Harp
12 Defendants and their assets to collect the full amount of the
13 judgment and interest thereon, less any amounts already paid;

14     D.  All funds paid pursuant to this Order shall be deposited
15 into a fund administered by the Commission or its agent to be used
16 for equitable relief, including but not limited to consumer
17 redress, and any attendant expenses for the administration of such
18 equitable relief.  The Harp Defendants shall cooperate fully to
19 assist the Commission in identifying consumers who may be entitled
20 to redress pursuant to this Order.  In the event that direct
21 redress to consumers is wholly or partially impracticable or funds
22 remain after redress is completed, the Commission may apply any
23 remaining funds for such other equitable relief (including
24 consumer information remedies) as it determines to be reasonably
25 related to Defendants' practices alleged in the Complaint.  Any
26 funds not used for such equitable relief shall be deposited to the
27 United States Treasury as disgorgement.  The Harp Defendants shall

28                          Page 8 of  22

1  have no right to challenge the Commission's choice of remedies
2  under this Part.  The Harp Defendants shall have no right to
3  contest the manner of distribution chosen by the Commission.  No
4  portion of any payments under the judgment herein shall be deemed
5  a payment of any fine, penalty, or punitive assessment;

6     E.    In accordance with 31 U.S.C. § 7701, as amended, the
7  Harp Defendants are hereby required, unless they already have done
8  so, to furnish to the Commission their respective taxpayer
9  identifying numbers (social security numbers or employer
10 identification numbers), which shall be used for purposes of
11 collecting and reporting on any delinquent amount arising out of
12 the Harp Defendants' relationship with the government.  Defendants
13 Aiden Reddin and Marc Gurney are further required, unless they
14 already have done so, to provide the Commission with clear,
15 legible and full-size photocopies of all valid driver's licenses
16 that they possess, which will be used for reporting and compliance
17 purposes;

18    F.    The Harp Defendants agree that the facts as alleged in
19 the Complaint filed in this action shall be taken as true, without
20 further proof, in the event of any subsequent proceedings or
21 litigation to enforce this Order or to collect amounts due
22 pursuant to this Section, including, but not limited to, a non-
23 dischargeability complaint in any bankruptcy case; and

24    G.    Proceedings instituted under this Section are in
25 addition to, and not in lieu of, any other civil or criminal
26 remedies that may be provided by law, including any other
27 proceedings the Commission may initiate to enforce this Order.

28                         Page 9 of  22

### III. RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.   By agreeing to this Order, the Harp Defendants reaffirm
and attest to the truthfulness, accuracy, and completeness of the
financial statements signed by or on behalf of Defendants Harp
Marketing Services, Inc. (dated April 21, 2007, and September 4,
2008), Aiden Reddin (dated April 21, 2007, and August 20, 2008),
and Marc Gurney (dated April 23, 2007, and August 20, 2008), and
provided to the Commission, including all attachments and
subsequent amendments and corrections thereto.  Plaintiff's
agreement to this Order is expressly premised upon the
truthfulness, accuracy, and completeness of the Harp Defendants'
financial condition, as represented in the financial statements
referenced above, which contain material information upon which
Plaintiff relied in negotiating and agreeing to the terms of this
Order;

B.   If, upon motion of the FTC, the Court finds that any of
the Harp Defendants failed to disclose any material asset,
materially misrepresented the value of any asset, or made any
other material misrepresentation in or omission from his or its
financial statement or supporting documents, the suspended
judgment entered in Section II.A shall become immediately due and
payable as to that Harp Defendant (less any amounts already paid).
Provided, however, that, in all other respects, this Order shall
remain in full force and effect, unless otherwise ordered by the
Court; and

C.   Any proceedings instituted under this Section shall be

1  in addition to, and not in lieu of, any other civil or criminal
2  remedies that may be provided by law, including but not limited
3  to, contempt proceedings, or any other proceedings that the
4  Commission or the United States might initiate to enforce this
5  Order.  For purposes of this Section, the Harp Defendants waive
6  any right to contest any of the allegations in the Commission's
7  Complaint.

8  **IV.  PROHIBITIONS REGARDING CONSUMER INFORMATION**

9  **IT IS FURTHER ORDERED** that the Harp Defendants and their
10  officers, agents, servants, employees, attorneys, and all other
11  persons in active concert or participation with them who receive
12  actual notice of this Order by personal service or otherwise,
13  whether acting directly or through any person, trust, corporation,
14  subsidiary, division, or other device, or any of them, are hereby
15  permanently restrained and enjoined from:

16      A.   Selling, renting, leasing, transferring, or otherwise
17  disclosing the name, address, telephone number, Social Security
18  number, account number, e-mail address, or other identifying
19  information of any person about whom any Harp Defendant obtained
20  such information in connection with the activities alleged in the
21  Complaint; and

22      B.   Benefitting from or using the name, address, telephone
23  number, Social Security number, account number, e-mail address, or
24  other identifying information of any person about whom any Harp
25  Defendant obtained such information in connection with the
26  activities alleged in the Complaint;

27      Provided, however, that the Harp Defendants may disclose

28                          Page 11 of   22

1 | identifying information to a law enforcement agency or as required
2 | by any law, regulation, or court order.

3 | **V. CEASE COLLECTION ON ACCOUNTS**

4 | **IT IS FURTHER ORDERED** that the Harp Defendants and their
5 | officers, agents, servants, employees, attorneys, and all other
6 | persons in active concert or participation with them who receive
7 | actual notice of this Order by personal service or otherwise,
8 | whether acting directly or through any person, trust, corporation,
9 | subsidiary, division, or other device, or any of them, are hereby
10 | permanently enjoined and restrained from collecting, attempting to
11 | collect, or assigning any right to collect payment for any mystery
12 | shopping employment opportunity, program, or service, directly or
13 | through any third party, on any account established prior to entry
14 | of this Order.

15 | **VI. MONITORING COMPLIANCE OF SALES PERSONNEL**

16 | **IT IS FURTHER ORDERED** that the Harp Defendants and their
17 | officers, agents, servants, employees, attorneys, and all other
18 | persons in active concert or participation with them who receive
19 | actual notice of this Order by personal service or otherwise,
20 | whether acting directly or through any person, trust, corporation,
21 | subsidiary, division, or other device, or any of them, in
22 | connection with any business involving telemarketing, are hereby
23 | permanently restrained and enjoined from:

24 | A.    Failing to take reasonable steps sufficient to monitor
25 | and ensure that all employees and independent contractors engaged
26 | in sales or other customer service functions comply with Section I
27 | of this Order.  These steps shall include adequate monitoring of

28 |

1  sales presentations or other calls with consumers, and shall also
2  include, at a minimum, the following: (1) listening to the oral
3  representations made by persons engaged in sales or other customer
4  service functions; (2) establishing a procedure for receiving and
5  responding to consumer complaints; and (3) ascertaining the number
6  and nature of consumer complaints regarding transactions in which
7  each employee or independent contractor is involved;

8      B.   Failing promptly to investigate fully any consumer
9  complaint received by any business to which this Section applies;
10  and

11     C.   Failing to take adequate corrective action with respect
12  to any employee or independent contractor whom such Harp Defendant
13  determines is not complying with this Order.  This corrective
14  action may include training, disciplining, and/or terminating such
15  employee or independent contractor.

16                **VII.   COMPLIANCE MONITORING**

17     **IT IS FURTHER ORDERED** that, for the purpose of monitoring and
18  investigating compliance with any provision of this Order:

19     A.   Within ten (10) days of receipt of written notice from a
20  representative of the Commission, the Harp Defendants each shall
21  submit additional written reports, sworn to under penalty of
22  perjury; produce documents for inspection and copying; appear for
23  deposition; and/or provide entry during normal business hours to
24  any business location in such Harp Defendant's possession or
25  direct or indirect control to inspect the business operation;

26     B.   In addition, the Commission is authorized to monitor
27  compliance with this Order by all other lawful means, including

28                        Page 13 of   22

1  but not limited to the following:

2          1.   obtaining discovery from any person, without
3  further leave of court, using the procedures prescribed by Fed. R.
4  Civ. P. 30, 31, 33, 34, 36, and 45;

5          2.   posing as consumers and suppliers to the Harp
6  Defendants, their employees, or any other entity managed or
7  controlled in whole or in part by any of them, without the
8  necessity of identification or prior notice; and

9      C.   The Harp Defendants shall permit representatives of the
10  Commission to interview any employer, consultant, independent
11  contractor, representative, agent, or employee who has agreed to
12  such an interview, relating in any way to any conduct subject to
13  this Order.  The person interviewed may have counsel present.

14      Provided, however, that nothing in this Order shall limit the
15  Commission's lawful use of compulsory process, pursuant to
16  Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to
17  obtain any documentary material, tangible things, testimony, or
18  information relevant to unfair or deceptive acts or practices in
19  or affecting commerce (within the meaning of 15 U.S.C.
20  § 45(a)(1)).

21              **VIII.  COMPLIANCE REPORTING BY DEFENDANTS**

22      **IT IS FURTHER ORDERED** that, in order that compliance with the
23  provisions of this Order may be monitored:

24      A.   For a period of five (5) years from the date of entry of
25  this Order,

26          1.   Defendants Aiden Reddin and Marc Gurney each shall
27  notify the Commission of the following:

28                          Page 14 of   22

1                 a.    Any changes in his residence, mailing

2 addresses, and telephone numbers, within ten (10) days of the date

3 of such change;

4                 b.    Any changes in his employment status

5 (including self-employment), and any change in his ownership

6 interest in any business entity, within ten (10) days of the date

7 of such change. Such notice shall include the name and address of

8 each business that he is affiliated with, employed by, creates or

9 forms, or performs services for; a statement of the nature of the

10 business; and a statement of his duties and responsibilities in

11 connection with the business or employment; and

12                 c.    Any changes in his name or use of any aliases

13 or fictitious names; and

14         2.    The Harp Defendants shall notify the Commission of

15 any changes in corporate structure of Defendant Harp Marketing

16 Services, Inc. or any business entity that Defendant Aiden Reddin

17 or Marc Gurney directly or indirectly controls, or has an

18 ownership interest in, that may affect compliance obligations

19 arising under this Order, including but not limited to a

20 dissolution, assignment, sale, merger, or other action that would

21 result in the emergence of a successor entity; the creation or

22 dissolution of a subsidiary, parent, or affiliate that engages in

23 any acts or practices subject to this Order; the filing of a

24 bankruptcy petition; or a change in the corporate or business

25 entity's name or address, at least thirty (30) days prior to such

26 change, provided that, with respect to any proposed change in the

27 corporation or business entity about which the Defendant learns

28                             Page 15 of  22

1 | less than thirty (30) days prior to the date such action is to
2 | take place, Defendant shall notify the Commission as soon as is
3 | practicable after obtaining such knowledge.

4      B.    One hundred eighty (180) days after the date of entry of
5 | this Order, the Harp Defendants each shall provide a written
6 | report to the Commission, sworn to under penalty of perjury,
7 | setting forth in detail the manner and form in which they have
8 | complied and are complying with this Order. This report shall
9 | include, but not be limited to:

10         1.    For Defendants Aiden Reddin and Marc Gurney:

11             a.    His then-current residence address, mailing
12                   addresses, and telephone numbers;

13             b.    His then-current employment and business
14                   addresses and telephone numbers, a description
15                   of the business activities of each such
16                   employer or business, and his title and
17                   responsibilities for each such employer or
18                   business; and

19             c.    Any other changes required to be reported
20                   under Paragraph A of this Section.

21         2.    For Defendants Harp Marketing Services, Inc., Aiden
22 | Reddin, and Marc Gurney:

23             a.    A copy of each acknowledgment of receipt of
24                   this Order, obtained pursuant to Paragraph D
25                   of Section X; and

26             b.    Any other changes required to be reported
27                   under Paragraph A of this Section.

28                   Page 16 of 22

C. For the purposes of this Order, the Harp Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, D.C. 20580
> Re: FTC v. Mystery Shop Link, LLC, et al., Civil Action
> No. 07-01791 TJH (SHx) (C.D. Cal.)

D. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with the Harp Defendants.

## IX. RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, the Harp Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, trust, corporation, subsidiary, division, or other device, or any of them, in connection with any business involving telemarketing, are hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any

1 | capacity by such business, including as an independent contractor;
2 | that person's job title or position; the date upon which the
3 | person commenced work; and the date and reason for the person's
4 | termination, if applicable;

5 |     C.   Customer files containing the names, addresses, phone
6 | numbers, dollar amounts paid, quantity of items or services
7 | purchased, and description of items or services purchased, to the
8 | extent such information is obtained in the ordinary course of
9 | business;

10 |     D.   Complaints and refund requests (whether received
11 | directly, indirectly or through any third party) and any responses
12 | to those complaints or requests;

13 |     E.   Copies of all sales scripts, training materials,
14 | advertisements, or other marketing materials; and

15 |     F.   All records and documents necessary to demonstrate full
16 | compliance with each provision of this Order, including but not
17 | limited to, copies of acknowledgments of receipt of this Order,
18 | required by Paragraph D of Section X, and all reports submitted to
19 | the FTC pursuant to Section VIII.

20 |       **X.   DISTRIBUTION OF ORDER BY DEFENDANTS**

21 |    **IT IS FURTHER ORDERED** that, for a period of five (5) years
22 | from the date of entry of this Order, the Harp Defendants shall
23 | deliver copies of the Order as directed below:

24 |    A.   **Corporate Defendant**: Defendant Harp Marketing Services,
25 | Inc. must deliver a copy of this Order to all of its principals,
26 | officers, directors, and managers.  Defendant Harp Marketing
27 | Services, Inc. also must deliver copies of this Order to all of

28 |

1  its employees, agents, and representatives who engage in conduct
2  related to the subject matter of the Order.  For current
3  personnel, delivery shall be within five (5) days of service of
4  this Order upon Defendant.  For new personnel, delivery shall
5  occur prior to them assuming their responsibilities.

6      B.  **Individual Defendant Aiden Reddin or Marc Gurney as**
7  **Control Person:** For any business that Defendant Aiden Reddin or
8  Marc Gurney controls, directly or indirectly, or in which he has a
9  majority ownership interest, he must deliver a copy of this Order
10  to all principals, officers, directors, and managers of that
11  business.  Defendant Aiden Reddin or Marc Gurney must also deliver
12  copies of this Order to all employees, agents, and representatives
13  of that business who engage in conduct related to the subject
14  matter of the Order.  For current personnel, delivery shall be
15  within five (5) days of service of this Order upon Defendant.  For
16  new personnel, delivery shall occur prior to them assuming their
17  responsibilities.

18      C.  **Defendant Aiden Reddin or Marc Gurney as employee or**
19  **non-control person:** For any business where Defendant Aiden Reddin
20  or Marc Gurney is not a controlling person of a business but
21  otherwise engages in conduct related to the subject matter of this
22  Order, he must deliver a copy of this Order to all principals and
23  managers of such business before engaging in such conduct; and

24      D.  The Harp Defendants must secure a signed and dated
25  statement acknowledging receipt of the Order, within thirty (30)
26  days of delivery, from all persons receiving a copy of the Order
27  pursuant to this Section.  The Harp Defendants may redact all or

28                    Page 19 of  22

1 parts of Section II (Equitable Monetary Relief) and Section III
2 (Right To Reopen) from copies of the Order delivered pursuant to
3 this Section.

4     **XI. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS**

5     **IT IS FURTHER ORDERED** that the Harp Defendants, within five
6 (5) business days of receipt of this Order as entered by the
7 Court, must submit to the Commission a truthful sworn statement
8 acknowledging receipt of this Order.

9     **XII. COOPERATION WITH FTC**

10     **IT IS FURTHER ORDERED** that the Harp Defendants shall, in
11 connection with this action or any subsequent investigations
12 related to or associated with the transactions or the occurrences
13 that are the subject of the FTC's Complaint, cooperate in good
14 faith with the FTC and appear, or cause their officers, employees,
15 representatives, or agents to appear, at such places and times as
16 the FTC shall reasonably request, after written notice, for
17 interviews, conferences, pretrial discovery, review of documents,
18 and for such other matters as may be reasonably requested by the
19 FTC. If requested in writing by the FTC, the Harp Defendants
20 shall appear, or cause their officers, employees, representatives,
21 or agents to appear, and provide truthful testimony in any trial,
22 deposition, or other proceeding related to or associated with the
23 transactions or the occurrences that are the subject of the
24 Complaint, without the service of a subpoena.

25
26
27
28     Page 20 of 22

### XIII.  SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

### XIV.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

The Commission and the Harp Defendants hereby stipulate and agree to entry of the foregoing Order, which shall constitute a final judgment in this action.


**IT IS SO ORDERED.**


Dated: December 12, 2008

THE HONORABLE TERRY J. HATTER, JR.,
UNITED STATES DISTRICT COURT JUDGE

**STIPULATED AND AGREED TO BY:**


Dated: 12/02/08

Guy G. Ward
David A. O'Toole
Federal Trade Commission
55 W. Monroe St., Suite 1825
Chicago, IL 60603
PH. (312) 960-5634
FAX (312) 960-5600
Attorneys for Plaintiff
Federal Trade Commission

1  Dated: _September 22, 2008_

Jon Jamison Hill
2  Venable LLP
2049 Century Park East
3  Suite 2100
Los Angeles, California 90067
4  PH. (310) 229-9900
FAX (310) 229-9901
5  Attorney for Defendants
Harp Marketing Services, Inc.,
6  Aiden Reddin, and Marc Gurney

7

8  Dated: _Sept 18· 2008_

Defendant Aiden Reddin,
9  individually, and as an officer
of Defendant Harp Marketing
10  Services, Inc.

11

12  Dated: _9|18|2008_

Defendant Marc Gurney,
13  individually, and as an officer
of Defendant Harp Marketing
14  Services, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          Page 22 of  22